UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASHON HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-1734 (UNA) |
| ) | |
| FEDERAL AVIATION ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Buffalo, New York, alleges the Federal Aviation Administration ("FAA") discriminated against him by refusing "to issue credit cards, hire, allow boarding of aircrafts, and entry to airports due to race and financial income." Compl. at 4. There simply are no facts to support plaintiff's discrimination claim. For starters, there are no factual allegations to establish that the FAA itself issues credit cards. Nor are there allegations that plaintiff attempted to enter a specific airport, or board a particular flight, or applied for and was denied employment. The attachments that accompany the complaint are of little help either. Those that even relate to the FAA are generic policy documents, which do not illuminate the gravamen of plaintiff's injury.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The Court, therefore, will dismiss the complaint without prejudice. An Order is issued separately.

DATE: July 24, 2024                                  TREVOR N. McFADDEN
                                                     United States District Judge